IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| VANESA SOSA CHAVEZ, ) | |
| ) | |
| *Petitioner*, ) | |
| ) | |
| v. ) | 1:26-cv-444 (PTG/IDD) |
| ) | |
| KRISTI NOEM, *et al.*, ) | |
| ) | |
| *Respondents*. ) | |

## ORDER

This matter comes before the Court on Petitioner Vanesa Sosa Chavez's Amended Petition for a Writ of Habeas Corpus (the "Amended Petition"). Dkt. 3. Petitioner is a citizen of El Salvador who entered the United States without inspection in April 2021 at age fifteen. *Id.* ¶¶ 60, 62. According to the Amended Petition, on January 9, 2026, Petitioner was arrested following an alleged domestic dispute. *Id.* ¶ 66. Petitioner's charge for strangulation and suffocation under Va. Code § 18.2-51.6 was dismissed on February 13, 2026, while the charge for assault and battery under Va. Code § 18.2-57.2 was deferred under a not guilty plea. *Id.* On February 13, 2026, Immigration and Customs Enforcement ("ICE") took Petitioner into immigration custody. *Id.* ¶ 57. Petitioner remains detained at the Riverside Regional Jail in North Prince George, Virginia, which is within this Court's jurisdiction. *Id.* ¶ 69. Prior to the arrest, on October 3, 2023, Petitioner's application for Special Immigrant Juvenile Status was approved, along with a grant of deferred action. *Id.* ¶ 63.

Petitioner now brings suit against Robert Guadian, the Field Office Director of the ICE Field Office, and others, alleging that her continued detention violates her constitutional rights. Respondents contend that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A).

Dkt. 9. Upon consideration of the Amended Petition (Dkt. 3) and Respondents' Opposition[1] (Dkt. 9), the Court concludes that Petitioner is entitled to a bond hearing. Thus, the Petition is **GRANTED**.

The Court finds that Petitioner is not "applicant[s] for admission" and is therefore not subject to detention under 8 U.S.C. § 1225(b). This Court, and others in this District, have repeatedly rejected Respondents' assertion that any immigrant without lawful status, including Petitioner, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Dkt. 9. *See, e.g., Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *5–13 (E.D. Va. Sept. 19, 2025; *Quispe-Ardiles v. Noem*, No. 1:25-cv-1382, 2025 WL 2783800, at *6 (E.D. Va. Sept. 30, 2025); *Garcia v. Noem*, No. 1:25-cv-1712, 2025 WL 3111223, at *3 (E.D. Va. Nov. 6, 2025). Courts outside of this jurisdiction have also been unequivocal in their rebuff of Respondents' actions.[2] To be clear, "§ 1225 applies to arriving aliens whereas § 1226 generally governs the process of arresting and detaining aliens present in the United States pending their removal." *Hasan*, 2025 WL 2682255, at *6 (quotation marks omitted) (quoting *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024)).

The Amended Petition alleges, and Respondents do not dispute, that Petitioner has resided in the United States for nearly five years. Dkt. 3 ¶ 1. Although Petitioner pled guilty on an assault

---

[1] In accordance with the Court's show cause order (Dkt. 7), Respondents filed a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in *Andrade Portillo v. Perry, et al.*, 1:25-cv-1646 (E.D. Va.). Accordingly, Respondents' substantive arguments in *Andrade Portillo* will be incorporated into this matter.

[2] *See Demirel v. Fed. Det. Ctr. Phila.*, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) (noting that "the law is clear" that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here"). Although Respondents rely on the Fifth Circuit's decision reaching a contrary conclusion, that decision is not binding here. *CASA de Md., Inc. v. Trump*, 971 F.3d 220, 260 (4th Cir. 2020).

and battery charge—which Respondents do not address—she is entitled to an immediate bond hearing under § 1226(a), and its implementing regulations, before an immigration judge.[3]

Accordingly, it is hereby

**ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED in part**; it is further

**ORDERED** that Respondents must provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a) within fourteen (14) days of the date of this Order; it is further

**ORDERED** that Respondents are **ENJOINED** from denying Petitioner release on bond on the basis that she is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); and it is further

**ORDERED** that the parties shall file a status report on the status of each Petitioner's bond hearing within three (3) days of each bond hearing. The status report shall detail when the bond hearing occurred, if the bond was granted or denied, and if denied, the reasons for that denial.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 26th day of February, 2026.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge

---

[3] To the extent Respondents argue that 8 U.S.C. § 1226(c) applies to Petitioner in light of her criminal history, that determination must be left to the IJ.